J-S21034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ARBIA E. AND KRISTINA M. STEINOUR | : | |
| | : | |
| Appellants | : | No. 1668 MDA 2025 |

Appeal from the Order Entered November 25, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2025-SU-000009

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: AUGUST 3, 2026**

In this judgment-enforcement matter, Arbia E. and Kristina M. Steinour appeal, *pro se* and as of right, from the order denying their petition to stay a writ of execution[1] that Wells Fargo Bank (their mortgage holder) filed against the mortgaged property.[2]  Wells Fargo contends that the Steinours raise new

---

[1] The Steinours incorrectly titled their petition to stay the writ of execution as a "Petition to Strike Sheriff's Sale," even though the sheriff's sale had not occurred when they filed the petition.  They sought to avoid the impending sheriff's sale and to have the trial court declare Wells Fargo's writ of execution, *i.e.*, the basis for the sheriff's sale, void and unenforceable.  We also note that, in Wells Fargo's mortgage-foreclosure action, this Court has affirmed the grant of summary judgment to the Bank.  ***See Wells Fargo Bank, N.A. v. Steinour***, 596 MDA 2025, 2025 WL 3764828, (Pa. Super. 2025) (non-precedential decision).

[2] This Court has recently held, "An order denying a petition to . . . stay a writ of execution is an interlocutory order that is appealable as of right."  ***FedEx Corp. Servs., Inc. v. Costume Gallery, Inc.***, 320 A.3d 129, 132 (Pa. Super. 2024) (citing Pa.R.A.P. 311(a)(2)).  The procedural posture in this matter is distinguishable from an order denying a motion to stay a sheriff's sale, which we quashed as premature and not appealable as of right in ***Farmers First Bank v. Waner***, 687 A.2d 390 (Pa. Super. 1997).

claims of error on appeal that differ from those that they asserted in the trial court. *See* Wells Fargo's Brief at 15-16. We agree with the Bank and dismiss their appellate issues as waived on various grounds.

Initially, we observe that, when the Steinours appealed from the order denying their petition to stay the writ of execution, the trial court issued an order directing them to file a concise statement of errors complained of on appeal. In that order, the trial court warned the Steinours that "Any issue not properly included in the statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." T.C.O., 12/4/25, at 1.

In response, the Steinours filed a Rule 1925(b) statement, raising the following four claims of error:

1. The trial court erred as a matter of law and abused its discretion in denying [the Steinours'] Petition to Strike where the certified record contains no sheriff's return of the writ of execution, a mandatory jurisdictional prerequisite in an *in rem* mortgage-foreclosure action.

2. The complete absence of a sheriff's return in the certified record renders the judgment void on its face, a non-waivable jurisdictional defect that may be raised at any time through a petition to strike.

3. The trial court committed reversible error by relying on documents or alleged facts-including any purported sheriff's return, affidavit of posting, or sale paperwork that do not appear anywhere in the certified record, contrary to the rule that appellate review is strictly confined to the certified record.

4. The trial court erred in refusing to strike a judgment entered without *in rem* jurisdiction, where the failure to file a sheriff's return conclusively establishes that the writ was never executed and that the court never acquired jurisdiction over the subject property.

Steinours' Rule 1925(b) Statement at 1-2.

The Steinours then raised different appellate issues in their brief to this Court. They are as follows:

1. Whether the trial court erred in denying [the Steinours'] Petition to Strike Sheriff's Sale, where the writ of execution, issued on April 25, 2025, expired by operation of law after 90 days without any execution activity, leaving the sheriff without authority to conduct the scheduled sale.

2. Whether the trial court erred in denying [the Steinours'] Petition to Strike Sheriff's Sale, where no levy was ever made, and a sheriff cannot conduct a sale without first levying upon the property as required by Pa.R.C.P. 3108.

3. Whether the trial court erred in denying [the Steinours'] Petition to Strike Sheriff's Sale where the sheriff – who personally served written notice of sale – failed to file the mandatory return of service and posting required by Pa.R.C.P. 3129.2(c)(2), leaving the record devoid of any proof that written notice was served or that the property was posted.

4. Whether the cumulative execution defects – including the expired writ, the absence of a levy, and the absence of the mandatory sheriff's return of service and posting – deprived the sheriff of jurisdiction to conduct the sale, rendering the scheduled sale void as a matter of law.

Steinours' Brief at 3-4. We dispose of the Steinours' first two issues together, and then we discuss their third and fourth issues.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hospital of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

Rule of Appellate Procedure 1925(b) is very clear and very strict. It provides, "If the judge entering the order giving rise to the notice of appeal ('judge') desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Pa.R.A.P. 1925(b). "The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised **for the judge**," not for the appellate court. Pa.R.A.P. 1925 (b)(4)(ii) (emphasis added). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

Here, the first and second issues in the Steinours' appellate brief do not appear in their 1925(b) statement. Thus, they have waived their appellate claims of error. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (mandating that "from this date forward, in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

The Steinours violated Pa.R.A.P. 1925(b) and **Lord** by abandoning some of the issues raised in their 1925(b) statement in this Court and raising two new issues in their place. Hence, we dismiss the first and second appellate

issues raised in the Steinours' appellate brief as waived, because they do not appear in their 1925(b) statement.

Turning to the Steinours' third appellate issue, they contend that the Sheriff of York County violated Pa.R.Civ.P. 3129.2(c)(2) by failing to file a return of service of the notice of the impending sheriff's sale to establish that the notice was served or that the property was properly posted. Yet, the Steinours admit the "Sheriff served the notice [of the impending sale] in this case." Steinours' Brief at 7. Despite actual service of the notice, according to the Steinours, the absence of a return to service in the record "is a fatal jurisdictional defect." *Id.*

The Bank responds that the Steinours waived this argument by not making any argument below based upon Rule 3129.2(c)(2) and the failure to file a return of service of the notice. *See* Wells Fargo's Brief at 16. Instead, the Steinours' petition below claimed the sheriff violated Pa.R.Civ.P. 3139(c), which is different, governing a different step in the process, altogether. *See* Petition to Strike Sheriff's Sale at 3.

Rule 3139 pertains to the sheriff's sale itself, not the notice leading up to a sale. Under Rule 3139(a), the "sheriff shall make a return (1) upon the completion or abandonment of the execution proceedings or if no sale is effected for want of buyers; or (2) upon the expiration of the period allowed for service or levy, if service upon a garnishee or levy has not been made and the writ has not been reissued." Pa.R.Civ.P.3139(a). After a sheriff's sale

occurs, Rule 3139(c) further provides, the "return of the sheriff shall be made to the prothonotary of the county in which the writ issued and shall include any schedule of distribution required under these rules." Hence, in the trial court, the Steinours' argument concerned a Rule regarding the sale procedure and the aftermath of a sheriff's sale.

Now, on appeal, they switch their issue to challenge the pre-sale-notice procedure under Pa.R.Civ.P. 3129.2(c)(2). Unlike Pa.R.Civ.P. 3139, Rule 3129.2 concerns the return of the notice of the sheriff's sale, *i.e.*, a pre-sale issue. Rule 3129.2 mandates as follows:

(a) Notice of the sale of real property shall be given by handbills as provided by subdivision (b), by written notice as provided by subdivision (c) to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1, and by publication as provided by subdivision (d).

(b) The handbills shall be posted by the sheriff in the sheriff's office and upon the property at least thirty days before the sale, and shall include

(1) a brief description of the property to be sold, its location, any improvements, the judgment of the court on which the sale is being held, the name of the owner or reputed owner, and the time and place of sale, and

(2) a notice directed to all parties in interest and claimants that a schedule of distribution will be filed by the sheriff on a date specified by the sheriff not later than thirty days after the sale and that distribution will be made in accordance with the schedule unless exceptions are filed thereto within ten days after the filing of the schedule.

(c)     The written notice shall be prepared by the plaintiff, shall contain the same information as the handbills or may consist of the handbill and shall be served at least thirty days before the sale on all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1.

(1)     Service of the notice shall be made

(i)      upon a defendant in the judgment who has not entered an appearance and upon the owner of the property.

(A)     by the sheriff or by a competent adult in the manner prescribed by Rule 402(a) for the service of original process upon a defendant, or

(B)     by the plaintiff mailing a copy in the manner prescribed by Rule 403 to the addresses set forth in the affidavit; or

(C)     if service cannot be made as provided in subparagraph (A) or (B), the notice shall be served pursuant to special order of court as prescribed by Rule 430, except that if original process was served pursuant to a special order of court under Rule 430 upon the defendant in the judgment, the notice may be served upon that defendant in the manner provided by the order for service of original process without further application to the court; and

(ii)     upon the defendant in the judgment who has entered an appearance, by the plaintiff in the manner provided by Rule 440, and

(iii)    upon each other person named in the affidavit by the plaintiff by ordinary mail

at the address set forth in the affidavit with the return address of the plaintiff appearing thereon. The plaintiff shall obtain from the U.S. Postal Service a Form 3817 Certificate of Mailing. Service shall be complete upon mailing. If the mail is returned the validity of the service shall not be impaired and the sale shall proceed at the time fixed in the notice.

(2)     The person serving the notice shall file a return of service as provided by Rule 405. If service is made by mail pursuant to subdivision (c)(1)(iii), the return shall include the certificate of mailing and the letter, if returned.

(3)     If service on any person is not made at least thirty days prior to the date of the sale stated in the notice, such notice shall be deemed timely if the sale is stayed, continued, postponed or adjourned in accordance with Rule 3129.3 to a date certain which is at least thirty days after the date of the last required service.

Pa.R.Civ.P. 3129.2 (Notes omitted).

Thus, the "return" at issue in Rule 3129.2 – the return of service of a notice of an upcoming sheriff's sale – is completely different from the "return" at issue in Rule 3139 – the return of the result of the sheriff's sale or the failure to complete the sheriff's sale. Because of this distinction between the two Rules, the Steinours have switched from one argument below (based on Rule 3139(c)) to a novel argument on appeal (based on Rule 3129.2). Our Rules of Appellate Procedure do not permit this sleight of hand by substituting one issue below for a new issue on appeal.

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

The Supreme Court of Pennsylvania has often said, "issue preservation is foundational to proper appellate review." *Trigg*, 229 A.3d at 269 (quoting *In re F.C. III*, 2 A.3d 1201, 1211 (Pa. 2010). "Requiring issues to be properly raised first in the trial court ensures that trial judges have the opportunity to consider a potential appellate issue and correct any error at the first available opportunity. It also promotes the orderly and efficient use of judicial resources, ensures fundamental fairness to the parties, and accounts for the expense attendant to appellate litigation." *Id.*

Here, the Steinours swapped one Rule of Civil Procedure for another on appeal. By doing so, they have switched from one procedural claim of error to another on appeal. In the trial court, they contended that the sheriff failed to file a proper return on the execution of the sale. Now, they claim that the sheriff failed to file a return of the notice of an upcoming sale. This is not the same claim of procedural error that the Steinours made below.

Thus, we cannot address the merits of their third claim of error under Pa.R.A.P. 302(a) and *Trigg*. Instead, we dismiss the third appellate issue as waived.[3]

---

[3] Even if the Steinours made a typo in their Petition to Strike Sheriff's Sale and intended to base their argument below on Pa.R.Civ.P. 3129.2(c)(2), they would not be entitled to appellate relief. Rule 3129.2(c) provides that the person serving notice of an impending sheriff's sale shall file a return of service

*(Footnote Continued Next Page)*

Regarding the Steinours' fourth and final appellate issue, they claim "the cumulative execution defects establish that the sheriff lacked jurisdiction." Steinours' Brief at 8 (capitalization removed). They assert all of the defects in their waived claims of error are jurisdictional, and, therefore, "the sheriff lacked authority to act. The scheduled sale is void." ***Id.***

Having dismissed all of the Steinours' prior issues as waived, they have failed to establish the premises upon which their final appellate issue rests. Thus, there is no basis for appellate relief on their final issue. Accordingly, we dismiss the Steinours fourth and final appellate issue as meritless.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/3/2026

---

as provided by Pa.R.Civ.P. 405. Under Rule 405, "A return of service **shall not** be required when the defendant accepts service of original process." Pa.R.Civ.P. 405(f) (emphasis added). Here, the Steinours admit to receiving service of the notice of the impending sheriff's sale. Thus, the sheriff was not required to file a return of the notice of service under Rule 405(f).